## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

WARREN CHASE                                :

    Plaintiff                              :

    v                                      :        Civil Action No. CCB-05-3190

ANNAPOLIS CITY POLICE DEPT.,                :
JEFFREY S. HARTLOVE,
OFFICER C. PURKENS,                         :
OFFICER J. FREEMAN, and
OFFICER WAYNE EVERD                         :

    Defendants                             :
                                           o0o

### MEMORANDUM

The above-captioned civil rights action, filed on November 17, 2005, alleges that

plaintiff's property was improperly confiscated during his arrest on January 3, 2003.  Paper No.

1.  In addition to the complaint, plaintiff has filed a motion to proceed in forma pauperis.  Paper

No. 2.  Because he appears to be indigent, his motion shall be granted.  For the reasons that

follow, the complaint must be dismissed.

This Court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss

any complaint that is frivolous, malicious, or fails to state a claim upon which relief may be

granted.  In deciding whether a complaint is frivolous "[t]he district court need not look beyond

the complaint's allegations . . . .   It must, however, hold the pro se complaint to less stringent

standards than pleadings drafted by attorneys and must read the complaint liberally." *White v.*

*White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Plaintiff alleges that during his arrest he was restrained by police officers and his watch

was broken.  He claims that  $195.00 was confiscated shortly after his arrest and only $154.00

was returned at his request.  Plaintiff also alleges that on June 16, 2003, Officer Carson and

Detective Hartlove of the Annapolis Police Department found and confiscated personal property, including a VCR, music cds, clothing, a Sony play station and two play station games.  He claims his request for the return of the property was denied.  After his request was denied, plaintiff claims he attempted to file claims in the Anne Arundel County District and Circuit Courts, but he was not granted leave to file his actions in forma pauperis.  As relief, plaintiff seeks $5,000 in damages for his confiscated property and money.  In addition, he seeks undisclosed monetary damages from state court personnel who refused to grant his motions to proceed in forma pauperis.

Under Md. Code Ann., Crim. Proc. §12-304(c),

A proceeding about money shall be filed within 90 days after the final disposition
of criminal proceedings that arise out of the Controlled Dangerous Substances
law.   If the State or a political subdivision does not file proceedings about money
within the 90-day period, the money seized under this title shall be returned to the
owner on request by the owner.

In the event the owner fails to request the return of his or her money within one year of the final disposition of the criminal case, "the money shall revert to: (i) The political subdivision in which the money was seized;  or  (ii) The State, if the money was seized by State authorities." *Id*.  A similar scheme is available with respect to personal property.  *See* Md. Code Ann., Crim Proc. § 1-203 (b).

Although plaintiff attempted to avail himself of the remedies available under the statutory scheme for return of his property and a portion of his money, he was unable to petition for relief due to the denial of his motion to waive the filing fee. To the extent that the denial was improper, plaintiff had further redress available to him through state appellate processes.  *See* Md Rule 1-325; *see also Davis v. Mills*, 125 Md. App. 675, 678, 743 A. 2d 806, 808 (2000) (trial court is

required to explain denial of motion to waive filing fees and court costs where proper

documentation accompanied motion).  A litigant may not simply abandon the appellate process

by initiating a new action in this court.[1]  In addition, the relief plaintiff seeks against "the

responsible administrative judges" is unavailable.  A judge may not be sued for damages based

upon decisions made in his or her judicial capacity.  *See Forrester v. White*, 484 U.S. 219, 226–

27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of

suits, most of them frivolous but vexatious,  would provide powerful incentives for judges to

avoid rendering decisions likely to provoke such suits.").  Accordingly, by separate order which

follows, the complaint shall be dismissed.


   December 21, 2005                              /s/
Date                                 Catherine C. Blake
                                     United States District Judge

---

[1]As a matter of comity, this court will not intervene in a matter that the State courts have not had an opportunity to address. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).